# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-148V
### (Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * *

TAYLOR K. FRADY, *on behalf of her deceased minor child*, A.F.,

                  Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                  Respondent.

Special Master Corcoran

Filed: December 12, 2017

Attorney's Fees and Costs;
Final Fees Award; Reasonable Basis

* * * * * * * * * * * * * * * * * * * * * * * *

*Patricia Ann Finn*, Patricia Finn, P.C., Piermont, NY, for Petitioner.

*Camille M. Collett*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

## DECISION AWARDING FEES AND COSTS[1]

On February 1, 2016, Taylor Frady filed a petition on behalf of her minor child, A.F., seeking compensation under the National Vaccine Injury Compensation Program.[2] The Petition alleges that the Hepatitis B, dTap, IPV, HIB, PCV, and ROTA vaccinations received on September 22, 2014, caused A.F.'s death. *See* Petition ("Pet.") at 1.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

After some record filings and discussions with the parties about the merits of the claim, I issued a scheduling order in which I found the claim lacked reasonable basis going forward, given its similarity to other claims involving sudden infant death syndrome ("SIDS") that had been unsuccessful. Order, dated Aug. 14, 2017 (ECF No. 23) ("Order"). In response, Petitioner filed a motion to dismiss on September 19, 2017, acknowledging that, after consideration of the facts and law, she did not expect to be able to establish entitlement in this case. ECF No. 24. I entered a decision dismissing the case on September 20, 2017 (ECF No. 25), and it was thereafter reduced to a judgment.

Ms. Frady has now filed a motion for a final award of attorney's fees and costs in this case. *See* Motion, dated November 16, 2017 (ECF No. 28) ("Fees Mot."). In it, she requests a total of $18,531.01 in fees and costs (reflecting $17,415.90 in attorney and paralegal time, plus $1,115.11 in litigation costs (obtaining and filing documents, filing fee, etc.)). *See* Ex. 1 to Fees Mot. (ECF No. 28-1) (Invoices). Petitioner represents she incurred no additional unreimbursed charges of her own. Fees Mot. at 5.

Respondent filed a document in reaction to the final fees request on November 30, 2017. ECF No. 29. Respondent noted that my reasonable basis determination suggests no award of fees was appropriate, but otherwise demurred, observing that determining the appropriateness of an award or its magnitude was a matter left to my discretion.

The present motion presents two questions: whether an award of fees is appropriate in this case, and if so, what that sum should be. I resolve the former question in the affirmative. Although I did determine that factual issues with the case as revealed by the record, coupled with my review of other special master decisions bearing on SIDS claims, rendered this case highly unlikely to succeed, that determination was aided by the filings the parties made at my direction prior to that time. *See* Order at 1. The claim's weaknesses were not otherwise facially self-evident at its initiation; indeed, other special masters have given credence to this kind of claim despite my contrary views about its viability. *Id.* at 2. n.1. Thus (and also because this is the first instance in which present counsel has appeared before me representing a claimant alleging a vaccine-caused SIDS injury),[3] I find that a fees award is appropriate under the circumstances, even though the case was unsuccessful and/or determined to have lost reasonable basis over time. *Curran v. Sec'y of Health & Human Servs.*, No. 15-804V, 2016 WL 4272069, at \*3 (Fed. Cl. Spec. Mstr. June 22, 2016) (awarding fees in dismissed case through time it had reasonable basis), *aff'd in relevant part and remanded*, 130 Fed. Cl. 1 (2017), *on remand,* 2017 WL 1718791(Fed. Cl. Spec. Mstr. Mar. 24, 2017).

---

[3] Counsel is cautioned, however, that future attempts to establish a vaccine-caused SIDS injury, if accompanied by similar facts or causation theories, will not be viewed as charitably when determining the appropriateness of a fees award.

A related issue is whether fees incurred for the time period *after* reasonable basis ceased should be included in the award. Here, I will award those sums, which constitute a very small portion of the total amount requested (approximately $1,100.00). In addition, I find these sums were reasonably incurred in "winding down" the case in reaction to my reasonable basis determination. *Curran,* 2017 WL 1718791, at *3-4 (allowing fees incurred in time period after case found to lack reasonable basis, where attorney labor was required to close out the matter). Petitioner and her counsel reacted responsibly in deciding to request the case's dismissal after my determination.

Second, I must determine whether the rates charged and time expended on the action generally were reasonable. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (discussing lodestar method of fees calculation); *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983). The hourly rates requested for the services of Petitioner's counsel, Patricia Finn, Esq., and Ms. Finn's paralegal and other staff are consistent with what I have awarded her in other cases. *See, e.g., Murphy v. Sec'y of Health & Human Servs.,* No. 05-1063V, 2017 WL 5386606, at *2-3 (Fed. Cl. Spec. Mstr. Aug. 25, 2017); *Murphy v. Sec'y of Health & Human Servs.,* No. 05-1063V, 2017 WL 1718800, at *4 (Fed. Cl. Spec. Mstr. Apr. 3, 2017). I will therefore award the rates requested. I also find that the time billed to the matter was reasonably spent, and also that the costs incurred were acceptable.

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of attorney's fees and costs awards, and based on the foregoing, I **GRANT** Petitioners' Motion for Attorney's Fees and Costs, awarding **$18,531.01** in litigation fees and costs made payable jointly to Petitioner's counsel, Patricia Finn, Esq., and Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.